E. J. Gehlbach v. S. E. Stone, as Sheriff of Volusia
County.

179 So. 893.

Division A.

Opinion Filed January 24, 1938.

Rehearing Denied March 29, 1938.

*M. S. McGregor,* for Plaintiff in Error;

*Cary D. Landis,* Attorney General, and *Tyrus A. Norwood,* Assistant Attorney General, for Defendant in Error.

Buford, J.—We review judgment remanding petitioner in habeas corpus proceedings.

The question presented is whether or not in a criminal case (prior to the enactment of Chapter 18002, Acts of 1937) instituted in a Justice of the Peace Court wherein the Justice of the Peace of the District wherein the prosecution is instituted, on the motion of the accused, certifies himself to be disqualified the Justice of the Peace of an adjoining district may on motion of an Assistant States Attorney come into the district where the prosecution is pending and there assume jurisdiction to preside as Justice of the Peace in the trial of the accused.

Section 22 of Article V of the State Constitution provides, in part, as follows:

"The Justices of the Peace shall have jurisdiction in cases at law in which the demand or value of the property involved does not exceed $100.00, and in which the cause of action accrued or the defendant resides in his district, and in such criminal cases, except felonies, as may be prescribed by law, and he shall have power to issue process for the arrest of all persons charged with the felonies and misdemeanors not within his jurisdiction to try, and make the same returnable before himself or the county judge for examination, discharge, commitment or bail of the accused."

Section 5998, R. G. S., 8292 C. G. L., provides: "In case a Justice of the peace be disqualified or unable from any cause to try any criminal case, the same may be tried before any other Justice of the Peace of the county, or before the county judge."

The statutes are silent as to the procedure to be followed in such cases.

We think of no more logical and appropriate procedure in such cases than that which was followed in this case.

So. the judgment is affirmed.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and CHAPMAN, J. J., concur in the opinion and judgment.

### ON PETITION FOR REHEARING

PER CURIAM.—On petition for rehearing our attention is called to the fact that we, in our original opinion in this case, referred to the attorney prosecuting for the State at the request of the State's Attorney and also probably as employed counsel as "Assistant State's Attorney," when in fact such attorney was not *de jure* an assistant State's Attorney. We consider this of little importance

but correct the original opinion in this regard and deny rehearing.

So ordered.

ELLIS, C. J., and WHITFIELD, TERRELL, BROWN, BUFORD and CHAPMAN, J. J., concur.